F. W. MULLER'S ADM'R v. NATHANIEL HOYT AND WIFE.

A demand before suit brought, for the delivery up of an instrument of writing, is
not sufficient ground to authorize the introduction of parol evidence of the con-
tents of such instrument, without notice to produce ; notwithstanding that the
suit is based on such refusal.

Appeal from Galveston.

*Sherwood & Goddard,* for appellant.

*H. N. & M. M. Potter,* for appellee.

LIPSCOMB, J. This suit was brought by the appellees against
the appellant, on a receipt as follows, i. e. : " Rec'd from Do-
" lores Hoyt an agreement of Alexander McDonald, guaranteed
" by Robert M. Hanna, dated the 29th day of October, 1845,
" to convey lands to the value of sixteen hundred dollars, which
" agreement has been assigned to me by Mrs. Hoyt, with
" authority to receive one thousand dollars of said lands and
" not more. Now when the said one thousand dollars in land
" shall be received by me from McDonald and Hanna, I am to
" return the said agreement to Mrs. Hoyt. May 22, 1846."

"F. W. MULLER."

The petition alledged that the said agreement so assigned to
Muller was given as collateral security for the payment of two
notes of hand for eight hundred dollars each, owned by the
said Dolores Hoyt, on Hanna ; one due the 1st day of January,
1848, and the other the 1st day of January, 1849, which notes
were at the time of the receipt aforesaid, handed over to Mul-
ler. It is averred in the petition, that Muller in his lifetime
and within the four years last past before the commencement
of this suit, collected and received from said McDonald or the

said Hanna, the whole amount in and due by virtue of said notes and agreement, or that said Muller appropriated said notes and agreement to his own use, and made use of the same in such manner as to place and put the entire interest and property therein beyond the reach and control of petitioners. It alleged that a demand and a refusal to account for the proceeds, or return the agreement, was made. There is evidence in the record in relation to the solvency of McDonald and Hanna; and there was evidence as to the time when the lands were to be conveyed. This was parol evidence. It was objected to, because it was as to the contents of a written agreement, and the objection overruled. The petitioner amended his petition " by withdrawing from the original petition all allegations therein contained in relation to the promissory notes therein mentioned." A jury was waived and the case submitted to the Court. Judgment was given for the plaintiff, and defendant appealed.

The first error to be noticed is, the overruling the objection to the parol evidence of Butler, as to the contents of the agreement assigned to the defendant's intestate. Proof that a demand had been made for the agreement of the administrator, before commencement of the suit, we cannot regard as sufficient to let in parol evidence of its contents on the trial of the suit afterwards commenced. The evidence was sufficient for the purpose it was intended, when made to show demand and refusal before suit was instituted; but if the contents were important to the plaintiff, there should have been notice to produce it, before allowing parol evidence of its contents. And this case shows the necessity of exceeding caution in letting in parol evidence of the contents of such writings. The witness swears that he believes the agreement for the conveyance of the land was to be on demand, conveying the impression that it was competent for the holder to demand it at any time after its execution. In this the witness must have been mistaken, because it bore date in 1845, and it was given as a security for the payment of two notes, the first due the 1st of January,

1848, and the second the 1st of January, 1849.    The collateral security could not be enforced until the maturity of the notes, or as they became due ; and it is pretty well established, that before that time both of the parties, McDonald and Hanna, were insolvent.    We think the Court erred in permitting parol evidence of the contents of the agreement, without the steps necessary to the admission of such evidence having been taken.

But we may go further, and say that had there been no error in the reception of the evidence, the facts do not support the judgment of the Court.    The amendment withdrawing the allegations about the note, could not deprive the defendant of the benefit of such facts as had been admitted by the part withdrawn.    It must be regarded as good evidence for the defendant of the facts admitted, unless the party admitting can prove that the fact admitted really did not exist, and that he was mistaken in relation to it.    This would have been ruled, had the facts admitted in the petition, but withdrawn by the amendment, been in evidence, by reading to the jury the admissions contained in the original petition.    This, however, was not done, and we therefore rest our opinion in reversing the judgment, on the ground of error in the admission of evidence of the contents of the agreement.

Reversed and remanded.